EDWARDS, Trustee, *v.* WOODBURY and others.

(*Circuit Court, D. Minnesota.* June, 1880.)

1. MORTGAGOR AND MORTGAGEE — WASTE — STATUTE — CONTRACT. — A statutory provision that a mortgagor may continue to use the mortgaged premises during the period allowed for redemption in the same manner as they have been previously used may be waived by contract.

Motion for Injunction.

*Bigelow, Flandrau & Clark*, for motion.

*W. E. Hale,* contra.

McCRARY, C. J., (*orally.*) I have considered this case upon the motion for an injunction. This is a case in which there has been a decree of foreclosure upon a mortgage. The prayer is that the court will enjoin the removal of earth and sand from the premises, on the ground that it is an impairment of the security. The premises are about six acres, within the corporate limits of the city of Minneapolis. The defendant is engaged in making brick, and for that purpose is taking earth and sand, and removing it from the surface of the premises. It appears that he has been in that business for some years, and was so engaged at the time of the giving of the mortgage. No attempt was made by the mortgagee to interfere with him prior to the time of the sale under the foreclosure, but the purchaser at that sale, the present complainant, now insists that he has a right to stop this use of the premises. That cutting away earth and removing it from the surface of the soil is waste at common law, is very clear, and I should have no difficulty with this case had it not been for the statute of Minnesota, which provides as follows: "Section 296. Until the expiration of the time allowed for redemption, the court may restrain the commission of waste on the property, by order granted with or without notice, on application of the purchaser or judgment creditor; but it is not waste for the person in possession of the property at the time of sale, or entitled to possession afterwards, during the period allowed for redemption, to continue to use

it in the same manner in which it was previously used, or to use it in the ordinary course of husbandry, or to make the necessary repairs of buildings thereon, or to use wood or timber on the property therefor, or for the repairs of fences, or for fuel in his family, while he occupies the property."

This property was used as a brick-yard prior to the foreclosure of the mortgage, and for several years previously. I should be inclined to the opinion, though not entirely clear upon the subject, that under that statute the party might continue to use the land as a brick-yard, and to take the earth from the surface, even though it might impair the security, were it not for a clause in the mortgage itself, to which I will call attention.

The mortgage provides that the mortgagor shall keep the premises "free from all taxes and assessments whatever, and shall not do, or permit to be done, in, about, or upon the premises, anything that may in anywise tend to weaken, damage, or diminish the security." My conclusion is that this statute does not prevent parties from agreeing or stipulating in the mortgage that nothing shall be done to impair the security. The statute furnishes a rule which would apply in the absence of a contract, but does not prevent the parties from making their own agreement. Here is a plain and unequivocal stipulation that the mortgagor shall not do anything to impair the security of the mortgage. In my judgment the statute does not deny to the purchaser at the sale the benefits of the stipulation. The proofs make it clear that the removal of earth from these premises does impair, to a greater or less extent, the security of this purchaser. The mortgage debt is evidently about as much as the property is worth. It is manifest that cutting and carrying away the surface of the earth is an injury to the property.

An injunction will be allowed.